

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-11-2009

# Freddie Richardson v. Lydell Sherrer

Precedential or Non-Precedential: Non-Precedential

Docket No. 09-1966

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Freddie Richardson v. Lydell Sherrer" (2009). *2009 Decisions.* Paper 677.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/677

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

BLD-266                                                  NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-1966
_____

FREDDIE RICHARDSON,
                                                                    Appellant
                    v.

LYDELL SHERRER

_____

On Appeal From the United States District Court
For the District of New Jersey
(D.N.J. Civ. No. 06-cv-04699)
District Judge: Jose L. Linares

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
July 30, 2009

Before: McKEE, FISHER and CHAGARES, <u>Circuit Judges</u>

(Filed: September 11, 2009)

_____

OPINION
_____

PER CURIAM

     Freddie Richardson, an inmate at the Northern State Prison in Newark, New

Jersey, appeals <u>pro se</u> from the District Court's dismissal of his complaint.  Because we

conclude that this appeal presents no substantial question, we will summarily affirm. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6

I.

Richardson filed an application to proceed in forma pauperis and a complaint against Lydell Sherrer, Peggy Brooks, S.C.O. Westry, S.C.O. Rayford, and Sergeant Nicolai, wherein he claimed that he was subjected to retaliatory discipline, searches, and harassment, and placed in unsanitary conditions of confinement.

Richardson alleges that, while he working on garbage disposal duty, Westry harassed him about what she believed to be his unauthorized "headwear." Westry wrote a disciplinary report, which was ultimately dismissed. After the dismissal, Richardson alleges, Rayford and Nicolai placed him in a cold, unsanitary barber shop and strip-searched him. They then searched his cell and claimed to have found a handcuff key. Richardson states that he was placed in segregated housing in a cell without running water[1] until approximately three weeks later when the charges were dismissed.

Richardson claims that Sherrer, the administrator of the prison, was aware of the other defendants' illegal actions, and failed to take any corrective action. He claims that Brooks, the remedy form coordinator, failed to respond to his numerous remedy forms, and disclosed information about the remedy forms to the correctional officers who in turn

---

[1]Richardson also complains that another inmate broke a sprinkler that caused Richardson's cell to fill with water that lingered for two days as "further punishment."

harassed him.  Richardson alleges that Westry initiated the harassment and retaliated against him by filing a false misconduct report, which resulted in Richardson's confinement in segregated housing.  He also alleges that Rayford and Nicolai, who were both present when "the handcuff key was placed in [his] cell," retaliated against him after the disciplinary report was dismissed.  He seeks compensatory and punitive damages, and injunctive relief requiring all handcuff keys to be registered and kept in a "specific data bank."

The District Court granted Richardson leave to proceed in forma pauperis, dismissed his Eighth Amendment verbal harassment and Fourteenth Amendment due process claims with prejudice, and allowed his First Amendment retaliation claim to proceed.  In December 2008, the court granted Sherrer's and Brooks' motion to dismiss for failure to state a claim upon which relief could be granted.[2]  In March 2009, the court granted the remaining defendants' motion to dismiss for failure to exhaust administrative remedies.  The court also denied Richardson's request for appointment of counsel.  Richardson timely appealed.

II.

We exercise plenary review over the District Court's sua sponte dismissal of Richardson's Eighth and Fourteenth Amendment claims under sections 1915(e)(2)(B) and

---

[2]The District Court did not reach the issue of whether Richardson had exhausted his administrative remedies.

3

1915A(b)(1), see Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000), and over the orders granting the motions to dismiss, see Santiago v. GMAC Mortg. Group, Inc., 417 F.3d 384, 386 (3d Cir. 2005). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In deciding a motion to dismiss, a court must determine whether the complaint "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

III.

A.    The District Court's Sua Sponte Dismissal of 8th and 14th Amendment claims

The District Court correctly concluded that Richardson's claim against Westry and Nicolai regarding their alleged verbal abuse of him was not viable under 42 U.S.C. § 1983. Richardson alleges only that Westry made "idle threats of verbal harassment," and that Nicolai threatened to "shut [him] up" if he was not quiet. Verbal harassment of a prisoner, without more, does not violate the Eighth Amendment. See, e.g., McBride v. Deer, 240 F.3d 1287, 1291 n.3 (10th Cir. 2001); DeWalt v. Carter, 224 F.3d 607, 612 (7th Cir. 2000).

The District Court considered Richardson's allegation that he was subjected to false discipline as a Fourteenth Amendment due process claim, and as part of his claim for retaliation, which we will address separately. The District Court concluded that filing

4

false disciplinary charges does not itself violate a prisoner's constitutional rights, so long as procedural due process protections were provided. See e.g., Freeman v. Rideout, 808 F.2d 949, 952-53 (2d Cir. 1986) (the filing of false charges does not constitute a claim under § 1983 so long as the inmate was granted a hearing and an opportunity to rebut the charges); Hanrahan v. Lane, 747 F.2d 1137, 1140 (7th Cir. 1984). Richardson does not allege that he was denied a hearing or an opportunity to present a defense. Therefore, to the extent Richardson asserts a due process violation, the District Court properly dismissed his claim.

B.     Motion to Dismiss–Sherrer and Brooks

We agree with the District Court that Richardson failed to plead sufficient facts to demonstrate Sherrer's and Brooks' personal involvement in any alleged retaliatory acts against him. See Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). "Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." Id. Richardson's allegations against Sherrer–that Sherrer did not stop to talk to Richardson during rounds, and that Sherrer failed to look into Richardson's complaints–do not qualify as "personal direction" or "actual knowledge or acquiescence." As the District Court pointed out, Richardson does not explain what information he communicated to Sherrer, other than that he did not describe "the whole incident." Likewise, he does not allege any personal interaction with Brooks, nor does he provide any descriptions of the remedy forms he claims he submitted. Finally,

5

Richardson's allegation that Brooks notified the other defendants that Richardson had filed remedy forms, which incited retaliatory actions, does not suffice to show the "personal involvement" by Brooks in the alleged retaliation.

C.      Motion to Dismiss/for Summary Judgment–Westry, Rayford, and Nicolai

The remaining defendants filed a motion to dismiss, or, alternatively, for summary judgment, on the ground that Richardson had failed to exhaust his administrative remedies.  Under the Prison Litigation Reform Act of 1995 ("PLRA") a prisoner, prior to seeking relief in federal court, must properly exhaust all available administrative remedies at the prison.  See 42 U.S.C. § 1997e(a); Woodford v. Ngo, 548 U.S. 81, 93 (2006). "[E]xhaustion is mandatory under the PLRA and . . . unexhausted claims cannot be brought in court." Jones v. Bock, 549 U.S. 199, 211 (2007).

In support of their motion, defendants attached the three administrative remedy forms and one inmate request form that Richardson had filed while at Northern State Prison, none of which relate to the allegations in his complaint.  Richardson did not submit a brief in opposition to the defendants' motion, and he has not otherwise addressed the issue of exhaustion or provided evidence that he has complied with the prison's grievance procedure.  Under the circumstances, we agree that Richardson failed to exhaust his available administrative remedies.

D.      Motion for Counsel

Finally, we consider whether the District Court properly denied Richardson's

6

motion for appointment of counsel. An indigent plaintiff seeking the appointment of counsel must present a claim having "some merit in fact and law." Parham v. Johnson, 126 F.3d 454, 457 (3d Cir. 1997); Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993). Richardson's claims lack merit for the reasons already discussed. Additionally, through his pro se submissions, Richardson has demonstrated an ability to present his case. Tabron, 6 F.3d at 156. Accordingly, the District Court did not abuse its discretion in denying Richardson's motion.

## IV.

For the foregoing reasons, we conclude that the appeal presents no substantial question. Accordingly, we will summarily affirm the District Court's judgment. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.